IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIN LYNN HART,                          )
                                         )
                Plaintiff,               )
                                         )
        -vs-                             )          Civil Action No.  20-1786
                                         )
COMMISSIONER OF SOCIAL SECURITY, )
                                         )
                Defendant.               )

## ORDER

AND NOW, this 13th day of April, 2022, upon consideration of Defendant's Motion for

Summary Judgment (Doc. No. 15) filed in the above-captioned matter on August 23, 2021,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No.

13) filed in the above-captioned matter on July 21, 2021,

IT IS HEREBY ORDERED that said Motion is GRANTED.  Accordingly, this matter is

hereby remanded to the Commissioner of Social Security ("Commissioner") for further

evaluation under sentence four of 42 U.S.C. §405(g) in light of this Order.

## I.    Background

Plaintiff Erin Lynn Hart protectively filed a claim for Disability Insurance Benefits under

Title II of the Social Security Act (the "Act"), 42 U.S.C. §§401-434, claiming that she became

disabled on June 7, 2014, due to epilepsy, anxiety, depression, cognitive issues, and

complications from seizures.  (R. 67).  After being denied initially on February 27, 2019,

Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on

December 2, 2019.  (R. 30-64).  On January 23, 2020, the ALJ issued a decision denying

Plaintiff's request for benefits.  (R. 12-25).  The Appeals Counsel declined to the review the

ALJ's decision on October 6, 2020.  (R. 1-3).  Plaintiff filed a timely appeal with this Court, and

the parties have filed cross-motions for summary judgment.

## II.    Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of

the record, and the scope of that review is limited to determining whether the Commissioner

applied the correct legal standards and whether the record, as a whole, contains substantial

evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. §405(g); *Matthews v.*

*Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive'"

(quoting 42 U.S.C. § 405(g))); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d

Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's

findings of fact to determine whether they are supported by substantial evidence).  If the district

court finds this to be so, it must uphold the Commissioner's final decision.  *See Rutherford v.*

*Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  The Court may not set aside a decision that is

supported by substantial evidence "even if [it] would have decided the factual inquiry

differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour*

*Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "'more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate'" to support a conclusion.  *Plummer v.*

*Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.

1995)); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).  However, a "'single piece of

evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve,

a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 111, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.*  So to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Decisions that are conclusory in their findings or indicated the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06.  Moreover, the Court must ensure that the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period.  *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001).  "'A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy….'" *Id.* at 39 (quoting 42 U.S.C. §423 (d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act.  *See* 20 C.F.R. § 404.1520.  In Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity.  *See* 20

C.F.R. § 404.1520(a)(4)(i).  If so, the disability claim will be denied.  *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  *See* 20 C.F.R. § 404.1520(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. § 404.1522.  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See* 20 C.F.R. § 404.1520(a)(4)(iii).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work.  *See* 20 C.F.R. § 404.1520(a)(4)(iv).  A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments.  *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a).  The claimant bears the burden of demonstrating an inability to return to his or her past relevant work.  *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994).  If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  *See* 20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience.  *See id*.

4

The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  *See* 20 C.F.R. § 404.1523.

### III.   The ALJ's Decision

In his January 23, 2020 decision, the ALJ found that Plaintiff last met the insured requirements for the Act on December 31, 2019.  (R. 14).  The ALJ then proceeded to apply the sequential evaluation process in reviewing Plaintiff's claim for benefits.  In particular, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of June 7, 2014, through her date last insured of December 31, 2019.  (R. 14).  The ALJ also found that Plaintiff met the second requirement of the process insofar as Plaintiff had the following severe impairments:  obesity, partial symptomatic epilepsy with complex partial seizures, adjustment disorder with dressed mood, depression, and anxiety disorder.  (R. 14). However, the ALJ found that Plaintiff's alleged cervical strain and irritable bowel syndrome did not qualify as severe impairments.  (R. 14-15).

The ALJ proceeded to conclude that Plaintiff's impairments did not meet any of the listings that would satisfy Step Three and, therefore, moved on to determine Plaintiff's RFC.  (R. 15).  The ALJ found that Plaintiff retained the RFC to perform sedentary work, except that Plaintiff was further restricted as follows:

> [S]he can never climb a ladder, rope, or scaffold; must avoid all exposure to unprotected heights, dangerous machinery, and like workplace hazards; is limited to understanding, remembering, and carrying out simple instructions and performing simple, routine tasks, such as those akin to requirements of work at the SVP 1 or SVP 2 levels; is limited to no work related interaction with the public, only occasional and superficial interaction with co-workers, and occasional supervision; and is limited to a low stress work environment, which means no production rate pace work (that is, no assembly line or conveyer belt line work driven by strict time and/or production quotas and no tandem work), but, rather, goal oriented work (meaning low quota requirements with flexible

5

> time limits driven only by final daily quota production requirements) with only
> occasional and routine changes in work setting, defining routine changes as that
> which does not require alteration in work method.

(R. 17).  The ALJ then found that Plaintiff was unable to perform her past relevant work;

therefore, he moved on to the next and final step.  (R 23).  At Step Five, the ALJ used a

vocational expert ("VE") to determine whether or not there were a significant number of jobs in

the national economy that Plaintiff could perform.  The VE testified that, based on Plaintiff's

age, education, work experience, and RFC, she could perform jobs that exist in significant

numbers in the national economy, including the representative occupations of document

specialist, table worker, and stuffer.  (R.23-24).  Accordingly, the ALJ found that Plaintiff was

not disabled.  (R. 24-25).

## IV.    <u>Legal Analysis</u>

Plaintiff argues that the ALJ erred by failing to fully account in the RFC for all of the

ways that her seizures affect her ability to work.  To that end, Plaintiff submits that "the ALJ's

RFC fails to account for the most obvious limitation of her seizures, that they cause her to be

'off-task'…while she recovers from the physical and mental effects of the seizure itself…."

(Doc. No. 14 at p. 4).  Based on the same, Plaintiff concludes that remand is warranted.  (*Id.* at p.

13).   After a careful review of the record, this Court agrees.

As set forth above, RFC refers to the most a claimant can still do despite his or her

limitations.  *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a).  The assessment must be

based upon all of the relevant evidence, including the medical records, medical source opinions,

and the individual's subjective allegations and description of his or her own limitations.  *See id.*

Here, the ALJ acknowledged Plaintiff's seizures but did not address whether and to what extent

they affect her ability to be on-task.  While an ALJ need only discuss the most pertinent, relevant

evidence bearing upon a claimant's disability status, an ALJ must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding.  *See Cotter*, 642 F.2d at 705.  "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009) (quoting *Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006)).  "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 121-22 (3d Cir. 2000) (quoting *Cotter,* 642 F.2d at 705); *Fargnoli,* 247 F.3d at 44.  An ALJ's findings should be as "comprehensive and analytical as feasible," so that the reviewing court may properly exercise its duties under 42 U.S.C. §405(g).  *Cotter,* 642 F.2d at 705.

In the present case, the Court finds that the ALJ's decision, although comprehensive, failed to meet this standard.  While the ALJ clearly credited the fact that Plaintiff has seizures, the RFC contains no provision to account for any time off-task to recover after a seizure. Presumably, therefore, the ALJ found that Plaintiff requires no time off-task to recover after a seizure and/or that the frequency of the seizures does not significantly impact Plaintiff's ability to remain on-task.   The Court does not suggest that such a finding would be incapable of being supported by substantial evidence *per se*.  However, the significant amount of evidence presented by Plaintiff regarding her potential need to be off-task warranted a more focused discussion.

At the hearing, for instance, Plaintiff testified that she requires a recovery period of "at least an hour to five hours of laying down" after a seizure.  (R. 53).  The ALJ makes no mention

of this in his decision.  Medical records also document Plaintiff's limitations during and following a seizure, including loss of consciousness and incontinence, as described by both Plaintiff and others.  (*See, e.g.*, R. 247, 249-50, 261, 300, 330, 512, 521).  Additionally, the ALJ found Dr. Valeriano's opinion partially persuasive and noted that Dr. Valeriano opined that Plaintiff needed more than one hour to recover from a seizure.  (R. 22; 412-13).  Yet, the ALJ does not discuss why he apparently rejected this portion of Dr. Valeriano's opinion.  The ALJ simply did not discuss, in any appreciable manner, the alleged need to take time off after a seizure to recover and the impact of that on Plaintiff's ability to work.  The closest he came to doing so was to explain that the limitation in the RFC to low stress work was to account, in part, for "residuals from seizure activity."  (R. 21).  Given the volume of evidence relevant to the issue, this mention of residual effects was not sufficient.

To be clear, the Court does not suggest a different outcome on remand but, rather, finds that more detail is required so as to permit this Court to determine whether the ALJ's decision is supported by substantial evidence.  Indeed, as the ALJ noted, the record reflects some potential uncertainty regarding the gravity and frequency of Plaintiff's seizures.  (R. 20-22).  The ALJ's failure to discuss this uncertainty with more precision and to provide an adequate explanation for presumably finding either that Plaintiff would not be off-task at all after a seizure or that the seizures were too infrequent to raise the issue prohibits this Court from conducting a proper and meaningful review.  Without more, this Court cannot find that the ALJ's opinion is based on substantial evidence.  Consequently, remand is warranted for further consideration on this issue.

**V.**     **<u>Conclusion</u>**

Accordingly, for the reasons stated herein, the Court remands this matter for reconsideration consistent with this Order.

s/  Alan N. Bloch
United States Senior District Judge

ecf:    Counsel of Record